# James M. Boland *v.* County of Luzerne (defended by Joseph D. Lloyd et al., Taxpayers), Appellant.

*Prisons—Contract for feeding prisoners in Luzerne county—Act of April 13, 1868.*

Under the Act of April 13, 1868, P. L. 917, relating to the Luzerne county prison, the prison commissioners have a right to enter into a contract with the warden of the county prison fixing the price or sum to be allowed the latter for feeding prisoners and determining the quantity and kind of food to be furnished daily to each prisoner. Such a contract is not within the purview of the Act of June 27, 1895, P. L. 403, relating to the office of county controller.

Argued April 12, 1898. Appeal, No. 121, Jan. T., 1898, from order of C. P. Luzerne Co., dismissing exceptions to report of referee. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of referee. Before LYNCH, J.

1898.]                           Referee's Report.

The case was referred to F. W. Wheaton as referee, who reported as follows :

### FINDINGS OF FACT.

1. The plaintiff was duly elected warden of the Luzerne county prison by the board of prison commissioners on March 24, 1897, for the ensuing year, with the approval of the court of quarter sessions, and he qualified by giving bond approved by the court March 29, 1897.

2. The prison commissioners entered into a contract with said plaintiff for furnishing food to the prisoners in said prison, and in said contract directed the manner in which all provisions necessary for the support of the persons confined in said prison should be purchased, and did determine the quantity and the kind of food that should be furnished daily to each person confined in said prison, and fixed the price to be received by the warden for furnishing such food at thirty cents a day for regulars and fifteen cents a day for city vagrants.

3. The plaintiff did see that all meals were regularly delivered to the prisoners according to the prison allowance, as required by the Act of April 13, 1868, P. L. 917, according to his contract made with the prison commissioners.

4. The plaintiff's claim amounts to thirty-three hundred and sixty-six dollars and fifteen cents ($3,366.15), and is made up of three separate bills for food furnished the prisoners in pursuance of said contract for the months of April, May and June, 1897, duly approved by the prison commissioners and entered on the minutes of the board as follows :

APRIL, 1897.

To board prisoners 3,696 days at 30c.
a day    .    .    .    .    .    $1,108 80
To board vagrants 226 days at 15c. a
day    .    .    .    .    .    33 90—$1,142 70
Approved by the prison commissioners May 5,
1897, and entered on the minutes.

MAY, 1897.

To board prisoners 3,652 days at 30c.
a day    .    .    .    .    .    $1,095 60
To board vagrants 125 days at 15c. a
day .    .    .    .    .    .    18 75—$1,114 35

Amount carried forward    $2,257 05

Amount brought forward    $2,257 05
Approved by the prison commissioners June 2,
   1897, and entered on the minutes.

JUNE, 1897.

To board prisoners 3,641 days at 30c.
   a day . . . . .      $1,092 30
To board vagrants 110 days at 15c. a
   day . . . . . .        16 80—$1,109 10
Approved by the prison commissioners July 7,
   1897, and entered on the minutes.
     Total, . . . . .                  $3,366 15

5. The bills on which the plaintiff's claims are based were presented to the county commissioners and appeared to them reasonable, but no orders drawn by them could be paid by the county treasurer unless countersigned by the county controller; and the controller refused to countersign said orders.

6. The plaintiff has not been paid anything on said claim.

FINDINGS OF LAW.

1. The prison commissioners had the right to make the contract with the plaintiff for supplying food for said prisoners, and did thus " direct the manner in which all provisions necessary for the support of the prisoners shall be purchased," as required by the act of 1868.

2. The prison commissioners had the right to fix the price or sum to be allowed the plaintiff for feeding said prisoners, and were obliged under the provisions of the act of April 13, 1868, to determine the quantity and kind of food to be furnished daily to each prisoner.

3. When the monthly bills presented by the plaintiff for food supplied to the prison in the quantity and of the kind determined by the prison commissioners were approved by the board of prison commissioners and were presented, and appeared to the county commissioners to be reasonable, the county was bound to pay said bills.

4. The contract is not within the purview of the Act of June 27, 1895, P. L. 480, creating the office of county controller, etc., not being a contract made by the county commissioners, but by the prison commissioners.

5. The contract is not against public policy.

6. The plaintiff is not a public officer nor the agent of the Luzerne county prison, nor the board of prison commissioners, but an employee of the prison commissioners.

7. The contract does not violate the act of March 31, 1860.

8. The contract does not violate section 7, article VIII, of the act of April 13, 1868.

9. The plaintiff, James M. Boland, is entitled to recover from the defendant, the county of Luzerne, the sum of thirty-three hundred and sixty-six dollars and fifteen cents ($3,366.15) for food supplied to said prisoners for the months of April, May and June, 1897, in accordance with the terms of the contract made by him with the board of prison commissioners.

H. A. Fuller, Esq., attorney for taxpayers, has requested the referee to find three conclusions of fact, which are attached to and made a part of this report.

The referee affirms the first and second requests, but declines to affirm the third.

He has also requested the referee to find nine conclusions of law, which are attached to and made a part of this report.

The referee declines to affirm the requests numbered one, two, three, five, six, seven, eight and nine, and affirms number four, but finds that the board did determine the quantity and the kind of food to be furnished daily to the prisoners before it made the contract with the plaintiff.

In the event of no exceptions being filed to this report, the prothonotary is hereby directed to enter judgment in favor of James M. Boland, the plaintiff, against the county of Luzerne, defendant, for the sum of $3,366.15.

Taxpayers' requests for findings of fact:

1. The plaintiff during the period covered by the claim in suit, was keeper of the prison under an act "relative to the Luzerne county prison," 1868, P. L. 917, receiving a salary of $1,500 per annum.

2. The claim in suit is solely for food furnished prisoners at rate fixed by resolution of board and not for the preparation and distribution thereof, which cost plaintiff nothing.

3. The board of prison commissioners, who elected plaintiff to the office of keeper aforesaid, and fixed the amount payable to him for board of prisoners during the period aforesaid, did not, at any time, determine the quantity and the kind of food to be furnished daily to said prisoners during that period.

The referee is requested by taxpayers to find as law:

1. There is no legal proof in the case, that the board of prison commissioners, determined the quantity and kind of food to be furnished prisoners during the period covered by the claim in suit.

2. The said board had no power to contract with any person for food of prisoners at a specific amount for each prisoner per diem.

3. The said board had no power to contract with the keeper for food of prisoners at a specific amount for each prisoner per diem.

4. The said board had no power to make such contract without first determining the quantity and the kind of food to be furnished daily to said prisoners.

5. The said board had no power to make such contract involving an expenditure in excess of $100, except with the lowest and best bidder, after due notice to be published by the controller in conformity with act " creating the office of county controller," 1895, P. L. 403.

6. The county cannot be held liable upon such a contract.

7. The county, at most, upon such a contract, can be held liable only for the reasonable, necessary cost of food furnished.

8. If the specific amount fixed by the contract be grossly in excess of such reasonable, necessary cost, for instance, three or four times as much, the good faith of the contract and its benefit to the county must be shown in order to sustain a recovery thereon.

9. Under all the evidence in this case judgment must be rendered in favor of the defendant.

Exceptions to the report of referee were dismissed by the court.

*Error assigned* was in dismissing exceptions to report of referee.

*Henry A. Fuller,* with him *Gaius L. Halsey,* for taxpayers.— The board of prison commissioners, as a condition precedent to any contract whatever for furnishing food, must determine the quantity and the kind of food that shall be furnished daily.

The adoption of such previous determination could only be

done by joint action of the board, and not by separate action of its individual members: Penna. R. R. v. Montgomery County Ry., 167 Pa. 62.

The board had no power to devolve upon anybody the supply of a food by a contract of this character: County of Chester v. Barber, 97 Pa. 455; County v. Hospital, 48 Pa. 127. At least, the board had no power to devolve upon the plaintiff, keeper of the prison, the supply of food by a contract of this character: In re Coxe's App., 6 Kulp, 379; In re Hazle Twp., 6 Kulp, 491. No liability can attach to the county except through the controller under the act creating that office approved June 27, 1895.

*John T. Lenahan,* for appellee, was not heard, but cited in his printed brief: Tiedeman on Municipal Corporations, sec. 67; Com. v. Christian, 9 Phila. 556; People v. Stephens, 71 N. Y. 527; Com. v. Mitchell, 82 Pa. 343; Williamsport v. Com., 84 Pa. 487.

PER CURIAM, May 9, 1898:

The first fifteen specifications of error are to the action of the court below " in not sustaining " the therein recited exceptions taken by the defendant to the report of the learned referee.

Our consideration of the report, in connection with the evidence, has not convinced us that said exceptions were well taken, and hence they were rightly overruled. There appears to be nothing in any of them that requires discussion. We find no substantial error in either of the referee's findings of fact or conclusions of law.

The only remaining specification, " in directing judgment to be entered on the report in accordance with its findings," cannot of course, be sustained. The entry of judgment was the logical sequence of the findings of fact and conclusions of law.

Judgment affirmed.